UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Cohlleen Hawthorn<br><br>    Plaintiff,<br><br>v.<br><br>Penn Credit Corporation<br><br>    Defendant. | Case No.<br><br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

**PARTIES**

1. Plaintiff, Cohlleen Hawthorn, ("Cohlleen"), is a natural person who resided in Burr Oak, Michigan, at all times relevant to this action.

2. Defendant, Penn Credit Corporation, ("PCC"), is a Pennsylvania Corporation that maintained its principal place of business in Harrisburg, Pennsylvania, at all times relevant to this action.

**JURISDICTION AND VENUE**

3. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq.

4. Pursuant to 28 U.S.C. §1391(b)1, venue is proper because defendant resides in this judicial district by, inter alia, being incorporated here and collecting debts throughout Illinois.

**STATEMENT OF FACTS**

5. At all times relevant to this action, PCC collected consumer debts.

6. PCC regularly uses instrumentalities of interstate commerce and the mails to collect consumer debts owed or due or asserted to be owed or due another.

7. The principal source of PCC's revenue is debt collection.

8. PCC is a "debt collector" as defined by 15 U.S.C. §1692a(6).

9. As described, *infra*, PCC contacted Cohlleen to collect a debt that was incurred primarily for personal, family, or household purposes.

10. This alleged obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

11. Cohlleen is a "consumer" as defined by 15 U.S.C. §1692a(3).

12. Around March 2013, PCC began calling Cohlleen, at Cohlleen's mother's, ("Mother"), home phone number in connection with the collection of a debt.

13. Cohlleen lives with Mother.

14. During the initial communication, Cohlleen requested PCC cease further calls to Cohlleen at Mother's phone number.

15. Despite this request, PCC continued to contact Cohlleen at Mother's phone number in connection with the collection of a debt.

16. On more than one occasion, Mother answered the phone call from PCC and Mother also requested PCC cease further calls to Mother's phone number.

17. Despite this request from Mother, PCC continued to contact Cohlleen at Mother's phone number.

18. On at least one occasion, PCC disclosed to Mother that Cohlleen owed the debt.

19. Each time Cohlleen spoke with PCC, Cohlleen again requested PCC cease further calls to Mother's phone number, but PCC ignored Cohlleen's requests.

20. On more than one occasion, PCC contacted Cohlleen's grandmother, ("Grandmother") and disclosed to Grandmother that Cohlleen owed the debt.

21. At the time of these communications, PCC already had Cohlleen's location information.

22. Around July 2013, Cohlleen notified PCC that she was represented by an attorney and provided her attorney's contact information.

23. Despite this notice, PCC continued to contact Cohlleen, most recently in August 2013.

24. On at least one occasion, PCC threatened to take Cohlleen to court if Cohlleen didn't pay the debt.

25. PCC has not taken any legal action against Cohlleen.

26. PCC never intended to take any legal action against Cohlleen

27. PCC caused Cohlleen severe emotional distress.

28. PCC attempted to collect a debt from Cohlleen.

29. PCC violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

30. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

31. Defendant violated 15 U.S.C. §1692c(a)(1) by calling Plaintiff at a time or place known to be inconvenient for Plaintiff.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

32. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

33. Defendant violated 15 U.S.C. §1692c(a)(2) by communicating with Plaintiff notwithstanding knowledge that Plaintiff was represented by an attorney with respect to the debt.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

34. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

35. Defendant violated 15 U.S.C. §1692c(b) by communicating with a third party in connection with the collection of the debt without Plaintiff's consent.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

36. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

37. Defendant violated 15 U.S.C. §1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of the debt.

## COUNT FIVE

### Violation of the Fair Debt Collection Practices Act

38. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

39. Defendant violated 15 U.S.C. §1692e by using false, deceptive, or misleading representations or means in connection with the collection of the debt.

## COUNT SIX

### Violation of the Fair Debt Collection Practices Act

40. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

41. Defendant violated 15 U.S.C. §1692f by using unfair or unconscionable means to collect the debt.

## JURY DEMAND

42. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

43. Plaintiff prays for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

      b.  For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Hyslip & Taylor, LLC, LPA

By:   /s/ Jeffrey S. Hyslip
One of Plaintiff's Attorneys

Date: November 18, 2013

Jeffrey S. Hyslip, Esq.
917 W. 18th St., Suite 200
Chicago, IL  60608
312-380-6110
jeffrey@lifetimedebtsolutions.com